IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

      Respondent,

V.                                         CRIMINAL NO. 3:02-00069-07
                                             (CIVIL ACTION NO. 3:04-0805)

WILLIAM HENRY JOHNSON,

      Movant.

**FINDINGS AND RECOMMENDATION**

In May of 2002, following consummation of a plea agreement, William Henry Johnson entered a plea of guilty to one of multiple counts of an indictment in which he was charged with distributing cocaine base.[1] On August 19, 2002, he was sentenced to a term of imprisonment of eighty-four months to be followed by three years supervised release. His conviction and sentence were affirmed on appeal, United States v. Johnson, No. 02-4691, 88 Fed.Appx. 653 (4th Cir. Feb. 6, 2004). Thereafter, Johnson filed a motion under the provisions of 28 U.S.C. §2255. Citing, inter alia, Apprendi v. New Jersey, 530 U.S. 466 (2000) and Blakely v. Washington, 542 U.S. 296

---

[1] Johnson was named in four counts of a multi-count, multi-defendant indictment in which he was charged, in count 1, with conspiring to distribute cocaine base and in counts 10, 12 and 18 with distribution of cocaine base. His plea was to count 12, in which he was charged with distributing an unspecified amount of cocaine base on or about April 13, 2000. On final disposition, the United States agreed to dismiss the remaining counts.

(2004),[2] and pointing out that his sentence was, in part, based on drug quantities involved in counts other than the count to which he pled, Johnson asserts that he was deprived of his constitutional right "to have a jury determine beyond a reasonable doubt, all facts legally essential" to his sentence. He also contends that the United States breached the plea agreement. The United States has filed a response to the motion, Johnson has filed a reply and the matter is ready for decision.

As an initial matter, it should be noted that, at sentencing, movant admitted distributing not less than five grams of cocaine base and his offense level was calculated based on this admission. There is, as a consequence, no reason to question his sentence on grounds that it was imposed in violation of the requirements of Booker. Beyond that, however, is the fact that Booker's holding does not apply in this case. In United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), the Court of Appeals for the Fourth Circuit, joining all other circuit courts of appeals which have considered the issue, held that "Booker does not apply retroactively to cases on collateral review."

Movant's claim that the United States breached its plea agreement similarly lacks merit. This claim appears to be based on the fact that evidence with respect to drug quantities involved in dismissed counts was considered in determining his base offense level. Initially, it is noted that the Court can "consider quantities of cocaine not specified in the count to which the defendant enters his guilty plea in computing defendant's base offense level under the sentencing guidelines." United States v. Williams, 880 F.2d 804, 805 (4th Cir. 1989).[3] In the plea agreement, the United States promised not to use statements or testimony provided by movant in any further

---

[2] Johnson's motion was filed prior to the Court's decision in United States v. Booker, 543 U.S. 220 (2005).

[3] See also, United States v. Ellis, 975 F.2d 1061, 1067 (4th Cir. 1992).

criminal prosecutions or in determining the applicable guideline range; however, the Government specifically retained the right to use information obtained independently of information or testimony provided by him "in determining the applicable guideline range." Nothing alleged by movant indicates that information he provided was utilized in determining his offense level, and it is apparent from the presentence report, which sets forth the sources of information for drug quantities, that no such information was provided by the United States or relied upon by the Court. Accordingly, the Court perceives no basis for finding a breach of the plea agreement by reason of the fact that drug quantities involved in dismissed counts were considered.[4]

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which

---

[4] The United States did not in this case seek to attribute drug quantities involved in the conspiracy count, a count involving significantly greater quantities of drugs.

objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: July 26, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE