# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## HUNTINGTON DIVISION

UNITED STATES OF AMERICA

        Respondent,

v.                                              CRIMINAL ACTION NO. 3:02-00069-07
                                                 (CIVIL ACTION NO. 3:04-0805)

WILLIAM HENRY JOHNSON,

        Movant.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Movant William Johnson's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, the Findings and Recommendations of the Magistrate Judge, and Movant's objections to the Magistrate Judge's recommendations. In his objections, Movant argues that the Government breached its plea agreement by offering evidence of dismissed counts as relevant conduct. In addition, Movant contends that his sentence conflicts with the Fifth and Sixth Amendment case law established in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). For the reasons stated below, the Magistrate Judge's proposed findings and recommendations are **ADOPTED**, Movant's objections are **DENIED**, and Movant's motion is **DISMISSED**.

## BACKGROUND

Movant William Henry Johnson pled guilty on May 20, 2002 to Count 12 of a multi-count, multi-defendant indictment for distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1).[1]

---

[1] In Count 1 of the indictment, Johnson was charged with conspiring to distribute cocaine (continued...)

This Court sentenced Johnson on August 19, 2002 to a term of imprisonment of eighty-four months and three years of supervised release. The Court dismissed the remaining three counts against Johnson at that time in accordance with his plea agreement with the Government.

Johnson subsequently appealed his sentence pursuant to *Anders v. California*, 386 U.S. 738 (1967). In his appeal, Johnson argued that the amount of drugs attributed to him had been miscalculated and that the court improperly refused to reduce his base offense level by two levels based upon his minor role in the offense. The appellate court affirmed his conviction and sentence on February 27, 2004, finding no plain error in the determination of drug quantity or in denying Johnson's request for a downward adjustment in his offense level. *United States v. Johnson*, 88 Fed. Appx. 653 (4th Cir. 2004).

Johnson then filed the pending motion to vacate his sentence on August 2, 2004 pursuant to 28 U.S.C. § 2255. In his motion, Johnson argues that the Government breached its plea agreement by including evidence of drug quantities from dismissed counts in determining his base offense level. Johnson also contends that his Sixth Amendment rights were violated by imposing a sentence on the basis of facts not found beyond a reasonable doubt by a jury of his peers. This motion was referred to Magistrate Judge Taylor for proposed findings and recommendation pursuant to 28 U.S.C. § 636(b) and a Standing Order. In July 2006, Magistrate Judge Taylor entered his proposed findings and recommended that Johnson's motion be denied. Johnson objects to the proposed findings and recommendation. In his objections, Johnson reasserts his initial arguments and offers

---

[1](...continued)
base in violation of 21 U.S.C. § 841(a)(1) and 21 U.S.C. § 846. Counts 10, 12, and 18 charged Johnson with distributing an unspecified amount of cocaine in violation of 21 U.S.C. § 841(a)(1).

a third argument, that his right to due process was violated by determining relevant conduct by a lesser standard of proof than beyond a reasonable doubt.

## ANALYSIS

### I. Standard of Review

The Magistrate Judge makes a recommendation to this Court, but this recommendation has no presumptive weight and the responsibility to make a final determination remains with the Court. *Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court conducts a *de novo* review of those portions of the Findings and Recommendations to which specific objections are made. 28 U.S.C. § 636(b)(1)(C). The Court will address each of the Movant's objections in turn.

### II. Breach of Plea Agreement

First, Movant claims the Government breached its plea agreement by offering evidence of drug quantities involved in dismissed counts in determining his base offense level. This argument lacks merit, however, because the plea agreement clearly stated that the Government "reserve[d] the right to [i]nform the Probation Office and the Court of all relevant facts and conduct." (Plea Agreement 5.) The plea agreement plainly explained that the matter of sentencing is within the sole discretion of the Court, which necessarily requires that the Court possess all relevant information regarding the defendant. Therefore, the Government has an affirmative duty to inform the Court of such relevant information. *United States v. Perrera*, 842 F.2d 73, 75 (4th Cir. 1988). In considering this relevant information, the Court may include conduct pertaining to violations dismissed pursuant to a plea agreement, but the use of this information by the Court does not constitute a breach of the plea agreement. *United States v. Jackson*, 885 F.2d 867 (4th Cir. 1989) (holding that consideration of relevant conduct from other dismissed offenses does not breach plea agreement); *United States*

*v. Williams*, 880 F.2d 804, 805–06 (4th Cir. 1989) (affirming use of relevant conduct from dismissed charges in determining base offense level); *see also United States v. Valenti*, 121 F.3d 327, 334 (7th Cir. 1997) ("It is well established that in determining a defendant's sentence a court may consider a broad range of information, including uncharged crimes, crimes where charges have been dismissed, and crimes for which the defendant has been acquitted."); *United States v. McGee*, 7 F.3d 1496, 1499 (10th Cir. 1993) ("The use of dismissed counts to determine the offense level is proper."). Accordingly, Movant's objection that the Government breached its plea agreement is denied.

### III. Sixth Amendment and Due Process Violations

Second, Movant claims that the Court improperly calculated his base offense level by including evidence not admitted or found by a jury of his peers. Movant bases this argument upon the precedent established in *Apprendi v. New Jersey,* 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). In sum, Movant claims that including this relevant conduct violates his Sixth Amendment rights and his right to due process.

As an initial matter, the Court notes that Movant admitted distributing not less than five grams of cocaine base.[2] The Court calculated his base offense level of 26 based upon this admission.

---

[2]THE COURT: All right. Mr. Johnson, you understand your attorney is advising me that you objected to several of the paragraphs in the report that attributed certain amounts of crack to you and then resulted in a total amount of crack as being somewhere between 5 and 20 grams.

Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And that, as your attorney is advising me, that even if you're right on your objections, he -- and he says you -- agree that the Government could still establish at least 5 grams of crack cocaine against you.

(continued...)

-4-

As a result, the precedent set forth in *Apprendi*, *Blakely*, and *Booker* is inapplicable. *Apprendi*

---

[2](...continued)
THE DEFENDANT: Yes, sir.

THE COURT: And so even if you're right, if the Government can prove 5 grams against you, then the drug quantity for sentencing purposes is going to be the same - -

THE DEFENDANT: Yes, sir.

THE COURT: - - and produces the same range. Do you understand that?

THE DEFENDANT: Yes, sir. I understand that, sir.

THE COURT: All right. Have you discussed all this with your attorney?

THE DEFENDANT: Yes, sir.

THE COURT: And has he explained that if you withdraw the objections, that means that I will find nonetheless that at least 5 grams of crack should be attributed to you for sentencing purposes?

THE DEFENDANT: Yes, sir.

THE COURT: And you believe that's accurate?

THE DEFENDANT: Yes, sir.

THE COURT: And you believe that that's fair?

THE DEFENDANT: Yes, sir.

THE COURT: And do you understand that by agreeing to this and by withdrawing your objections, you can't come around later and complain to me or an appeals court that the wrong amount of crack was attributed to you?

THE DEFENDANT: Yes, sir, I understand.

THE COURT: All right. All right. In view of that, the Court will accept the representations of counsel and the agreement reached with the defendant and consider for purposes of this sentencing that at least 5 grams of crack can be attributed - - should be attributed or will be attributed to Mr. Johnson for sentencing purposes.
(Sentencing Tr. 5–7.)

applies only in situations where the defendant's sentence exceeds the statutory maximum, which is not the case here.[3] Similarly, *Blakely* and *Booker* do not apply because of Movant's admission in open court as to the applicable drug quantity. *Booker* requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 244. A defendant may admit facts by guilty pleas, stipulations, statements in open court, or representations by counsel. *United States v. Revels*, 455 F.3d 448, 450 (4th Cir. 2006). In this case, Movant withdrew his objections to the presentence investigation report during the sentencing hearing, conceding that even if the objections were upheld, the Government could still attribute at least five grams of cocaine base to him. The Court did not conduct further factfinding in calculating the base offense level beyond this admission by Movant.[4] Accordingly, his Sixth Amendment right to a trial by jury as set forth in *Blakely* and *Booker* does not apply here.

Moreover, *Blakely* and *Booker* do not apply retroactively. *Morris*, 429 F.3d at 72 ("The rule announced in *Booker* . . . is not available for post-conviction relief for federal prisoners . . . whose convictions became final before *Booker* (or *Blakely*) was decided."). In this case, Movant was sentenced on August 19, 2002, and subsequently affirmed on February 27, 2004. The Supreme

---

[3]The Court sentenced Johnson to eighty-four months imprisonment, which is considerably less than the statutory maximum of twenty years.

[4]Even if the Court had conduct further factfinding, this would not have violated Movant's right to due process. It is well settled that sentencing decisions made by a preponderance of the evidence standard comport with both the requirements of the Sixth Amendment and with due process. *See United States v. Morris*, 429 F.3d 65, 71–72 (4th Cir. 2005); *see also United States v. Okai*, 454 F.3d 848, 852 (8th Cir. 2006) ("[S]entencing facts found by a preponderance of evidence, whether under a mandatory or advisory Guidelines regime, generally comport with due process.").

Court issued its opinion in *Blakely* on June 24, 2004, and *Booker* followed on January 12, 2005. Movant's conviction became final on or about May 27, 2004, when the time to file a petition for certiorari to the Supreme Court elapsed. *Clay v. United States*, 537 U.S. 522, 527–32 (2003); Sup. Ct. R. 13. Therefore, Movant's conviction became final before the Supreme Court issued either *Blakely* or *Booker*, which, therefore, precludes any retroactive application in this case. Accordingly, Movant's objections that his Sixth Amendment rights and his right to due process were violated are denied.

## CONCLUSION

The record conclusively demonstrates that none of the grounds offered entitle Movant to relief. Accordingly, the Court, upon *de novo* review, **ADOPTS** the Findings and Recommendation of the Magistrate Judge, **DENIES** Movant's objections, and **DISMISSES** Movant's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER: June 5, 2007

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE